
JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Karen Loterza

**DEFENDANTS**
AXA Equitable Life Insurance Company

**(b)** County of Residence of First Listed Plaintiff: Lackawanna
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number):
Foley, Cognetti, Comerford, Cimini & Cummins
507 Linden St, Ste 700 Scranton, PA 18503
(570) 346-0745  Sal Cognetti Jr. Esq, Vincent Cimini Esq.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS – PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS – PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 9-15-11

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Sal Cognetti, Jr., Esquire
ATTORNEY I.D. #17269
Vincent S. Cimini, Esquire
ATTORNEY I.D. #60463
FOLEY, COGNETTI, COMERFORD, CIMINI & CUMMINS
507 Linden Street, Ste. 700
Scranton, PA 18503-1666
570-346-0745

---

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN LATERZA<br>810 Aberdeen Road<br>Madison Township, PA 18444 | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| vs. | : | |
| AXA EQUITABLE LIFE INSURANCE COMPANY<br>1290 Avenue of the Americas<br>New York, NY 10104 | : | |
| Defendant | : | NO.: |

## COMPLAINT

AND NOW, comes Plaintiff, KAREN LATERZA, by and through her attorneys, FOLEY, COGNETTI, COMERFORD, CIMINI & CUMMINS, who files this Complaint against the Defendant upon causes of action of which the following is a statement:

### JURISDICTION AND PARTIES

1. The Federal Rules of Civil Procedure expressly authorize Declaratory Judgments by the adoption of the Declaratory Judgments Act, 28 U.S.C. Section 2201.

2. A controversy exists between and among the parties hereto requiring a declaration from this Court as to the rights and obligations of the parties.

3. Pursuant to 28 U.S.C. Section 1332 and 1391(a)(2), this Court has diversity jurisdiction.

The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue lies within this district under the provisions of 28 U.S.C. Section 1391(a) because one or more of the parties resides within this District and/or because the circumstances and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

5. Plaintiff, Karen Laterza is a Pennsylvania resident having a residence of 810 Aberdeen Road, Madison Township, Lackawanna County, Pennsylvania.

6. Defendant, AXA Equitable Life Insurance Company is a New York citizen having a principal office located at 1290 Avenue of the Americas, New York, New York.

## FACTUAL BACKGROUND

7. On or about May 30, 2003, AXA Equitable Life Insurance Company (hereinafter "AXA") issued a life insurance policy to its Insured, Joseph Laterza under policy number 153205415. Attached hereto and marked as Exhibit "A" is a true and correct copy of the AXA life insurance policy issued to Joseph Laterza.

8. Plaintiff, Karen Laterza is the biological mother of Joseph Laterza.

9. The original named beneficiary under Joseph Laterza's llife insurance policy with AXA was the "Insured's Estate." See Exhibit A, page 3.

10. Under the terms of the AXA policy, Defendant AXA agreed to insure the life of Joseph Laterza and to pay the sum of $850,000.00 to the policy's designated beneficiary upon the death of the Insured.

11. On or about July 2, 2009, Joseph Laterza legally changed the named beneficiary of the AXA policy from his "Estate" to his mother, Karen Laterza. Attached hereto and marked as Exhibit "B" is a true and correct copy of an AXA August 24, 2011 correspondence to Plaintiff

confirming that she was in fact named as the current and sole benfeciary on her son's life insurance policy on July 2, 2009.

12. At the time Joseph Laterza changed the named beneficiary to his mother Karen Laterza, he resided in Luzerne County, Pennsylvania. Plaintiff resided in Lackawanna County, Pennsylvania at this time.

13. On July 10, 2011 AXA's Insured, Joseph Laterza died.

14. The Insured Joseph Laterza was residing in Luzerne County at the time of his death.

15. Plaintiff gave Defendant AXA timely written and/or oral notice of the Insured's death as required by the terms of the policy and furnished Defendant with good, sufficient, due and satisfactory proof of the Insured's death on forms supplied by Defendants, containing complete answers to each question propounded therein.

16. Notwithstanding Plaintiff's submission to Defendant of reasonable proof of death of Defendant's Insured, as well as Defendant's acknowledgement that Plaintiff is the sole beneficiary, Defendant has refused and, to date, continues to refuse to pay to Plaintiff the policy's death benefit of $850,000.00.

## COUNT I—DECLARATORY JUDGMENT

17. Plaintiff incorporates the averments set forth in paragraphs 1-16 as if they were fully set forth in this Count.

18. Plaintiff seeks a declaration of the rights and obligations of the parties to this action under the AXA life insurance policy.

19. Plaintiff has no adequate remedy at law and therefore requires the issuance of a declaratory judgment in order to resolve this dispute.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment declaring that:

(a) Plaintiff, Karen Laterza is the sole and rightful beneficiary under the Insured Joseph Laterza's life insurance policy with AXA;

(b) Plaintiff, Karen Laterza, as the sole and rightful beneficiary under the Insured Joseph Laterza's life insurance policy with AXA, is entitled to all proceeds from the Policy;

(c) Defendant AXA is required to pay Plaintiff, Karen Laterza interest on the Policy proceeds at the statutory rate from the date of her application for benefits under the Policy;

(d) Plaintiff is entitled to attorneys' fees; and

(e) Plaintiff is entitled to any other relief this Court deems just and proper.

## COUNT II—BREACH OF CONTRACT

20. Plaintiff incorporates the averments set forth in paragraphs 1-19 as if they were fully set forth in this Count.

21. Plaintiff, Karen Laterza, as the sole beneficiary or the intended sole beneficiary of the Policy was either a party to the Policy or a third-party beneficiary of the Policy.

22. Defendant, AXA has breached the Policy and its contractual obligations by failing to pay the Policy proceeds to Plaintiff, Karen Laterza.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment declaring that:

(a) Awarding Karen Laterza all proceeds from the Policy;

(b) Awarding Karen Laterza interest on the policy proceeds at the statutory rate from the date of her application for benefits under the Policy;

(c) Awarding Karen Laterza all damages she has suffered because of AXA's breach of the Policy;

(d) Awarding Karen Laterza attorney's fees;

(e) Awarding Karen Laterza any other relief this Court deems just and proper.

## COUNT III—NEGLIGENCE

23. Plaintiff incorporates the averments set forth in paragraphs 1-22 as if they were fully set forth in this Count.

24. In the alternative, if for some reason Defendant AXA is not obligated to Plaintiff, Karen Laterza on a contract claim, then Defendant AXA owed Plaintiff a duty because Plaintiff was the intended sole beneficiary of the Policy, having been so designated by the Insured Joseph Laterza.

25. Defendant AXA breached the duties it owed to Plaintiff by, inter alia:

(a) Failing to take all required actions to designate Plaintiff, Karen Laterza as the sole beneficiary of Policy number 153205415 in a timely manner;

(b) Improperly requesting proof of an insurable interest from Plaintiff;

(c) Failing to request proof of an insurable interest from Plaintiff in a timely manner;

(d) Failing to process the information provided by Plaintiff in response to its own request for proof of an insurable interest in a timely manner;

(e) Violating the fiduciary duty it owed to Plaintiff;

(f) Violating the Pennsylvania Code requiring proper insurance practices;

(g) Engaging in an adversarial relationship with Plaintiff; and

(h) Requiring Plaintiff to obtain counsel to obtain the benefits to which she is entitled.

26. Defendant AXA's breaches of its duty to Plaintiff have proximately caused harm to Plaintiff, including:

    (a) Being unable to receive the Policy proceeds to which she is entitled;

    (b) Being denied the use of the Policy proceeds; and

    (c) Being forced to obtain counsel and participate in this lawsuit to recover the Policy proceeds to which she is entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment declaring that:

    (a) Awarding Karen Laterza all proceeds from the Policy;

    (b) Awarding Karen Laterza interest on the policy proceeds at the statutory rate from the date of her application for benefits under the Policy;

    (c) Awarding Karen Laterza all damages she has suffered because of AXA's breach of the Policy;

    (d) Awarding Karen Laterza attorney's fees;

    (e) Awarding Karen Laterza any other relief this Court deems just and proper.

### COUNT IV—BREACH OF FIDUCIARY DUTY

27. Plaintiff incorporates the averments set forth in paragraphs 1-26 as if they were fully set forth in this Count.

28. Defendant AXA owed Plaintiff, Karen Laterza a fiduciary duty because Plaintiff was the sole beneficiary of the Policy.

29. Prudential breached the duty it owed to Plaintiff by, inter alia:

    (a) Failing to designate Plaintiff as the beneficiary of Policy number 153205415 in a timely manner;

(b) Improperly requesting proof of an insurable interest from Plaintiff;

(c) Failing to request proof of an insurable interest from Plaintiff in a timely manner;

(d) Failing to process the information provided by Plaintiff in response to its own request for proof of an insurable interest in a timely manner;

(e) Violating the fiduciary duty it owed to Plaintiff;

(f) Violating the Pennsylvania Code requiring proper insurance practices;

(g) Engaging in an adversarial relationship with Plaintiff; and

(h) Requiring Plaintiff to obtain counsel to obtain the benefits to which she is entitled.

30. Defendant AXA's breaches of its duty to Plaintiff have proximately caused harm to Plaintiff including:

(a) Being unable to receive the Policy proceeds to which she is entitled;

(b) Being denied the use of the Policy proceeds; and

(c) Being forced to obtain counsel and participate in this lawsuit to recover the Policy proceeds to which she is entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment declaring that:

(a)   Awarding Karen Laterza all proceeds from the Policy;

(b)   Awarding Karen Laterza interest on the policy proceeds at the statutory rate from the date of her application for benefits under the Policy;

(c)   Awarding Karen Laterza all damages she has suffered because of AXA's breach of the Policy;

    (d) Awarding Karen Laterza attorney's fees;

    (e) Awarding Karen Laterza any other relief this Court deems just and proper.

## COUNT V—BAD FAITH

31. Plaintiff incorporates the averments set forth in paragraphs 1-30 as if they were fully set forth in this Count.

32. If it is determined that Plaintiff was in fact the sole intended beneficiary of the Policy, then Defendant AXA has acted in bad faith towards Plaintiff, the sole beneficiary of the Policy, in violation of 42 Pa.C.S.A. §8371 by, inter alia,

    (a) Failing to pay the Policy proceeds to Plaintiff when it had no reasonable basis for concluding that any one other than Plaintiff was the sole beneficiary of the Policy;

    (b) Failing to timely process Plaintiff's claim for benefits;

    (c) Engaging in an adversarial relationship with Plaintiff;

    (d) Violating the Fiduciary duty it owed to Plaintiff;

    (e) Failing to process the information provided by Plaintiff in response to its own request for proof of an insurable interest in a timely manner.

33. Defendant AXA's violations of 42 Pa. C.S.A.§8371 and entitled Plaintiff to recover punitive damages and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment declaring that:

    (a) Awarding Karen Laterza all proceeds from the Policy;

    (b) Awarding Karen Laterza interest on the Policy proceeds at the statutory rate from the date of her application for benefits under the Policy;

  (c) Awarding Karen Laterza all damages she has suffered because of AXA's bad faith;

  (d) Awarding Karen Laterza punitive damages and attorney's fees under 42 Pa. C.S.A. .§8371 et seq; and

  (e) Awarding Karen Laterza any other relief this Court deems just and proper.

## COUNT VI—UNFAIR TRADE PRACTICES

34. Plaintiff incorporates the averments set forth in paragraphs 1-33 as if they were fully set forth in this Count.

35. Defendant AXA's conduct violates Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, et seq.

36. Defendant AXA's violations of 73 P.S. 201-1, et seq. entitle Plaintiff to recover treble damages and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment declaring that:

  (a) Awarding Karen Laterza all proceeds from the Policy;

  (b) Awarding Karen Laterza interest on the Policy proceeds at the statutory rate from the date of her application for benefits under the Policy;

  (c) Awarding Karen Laterza all damages she has suffered because of Defendant AXA's violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law;

  (d) Awarding Karen Laterza treble damages and attorney's fees; and

  (e) Awarding Karen Laterza any other relief this Court deems just and proper

Respectfully submitted,


/s/ Sal Cognetti, Jr.
SAL COGNETTI, JR., ESQ.


/s/ Vincent S. Cimini
VINCENT S. CIMINI, ESQ.
Attorneys for Plaintiff