# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN LATERZA,** | : | **CIVIL ACTION - LAW** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AXA EQUITABLE LIFE INSURANCE** | : | |
| **COMPANY**, | : | |
| **Defendant**, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ESTATE OF JOSEPH LATERZA,** | : | **NO.  11-cv-1715** |
| **Third Party Defendant.** | : | |

### DEFENDANT AXA EQUITABLE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND JOINDER OF THIRD PARTY

Defendant, AXA Equitable Life Insurance Company ("AXA Equitable"), by and through

its counsel, hereby files this Answer, Counterclaim, and Joinder Complaint as follows:

### JURISDICTION AND PARTIES

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

### FACTUAL BACKGROUND

7.      Admitted.

8.      Denied.  AXA Equitable is without sufficient knowledge or  information to form a belief as to the truth of the averment set forth in paragraph 8.

9.      Admitted.

10.     Denied.  Decedent insured withdrew $60,000.00 from the account value in 2007 thereby reducing the amount of the Policy death benefit to $790,000.00.

11.     Denied as stated.  It is admitted only that Mr. Laterza submitted a request to change the beneficiary from the Estate to Karen Laterza.  By way of further answer, the Estate has asserted a claim to the Policy proceeds on the basis that Mr. Laterza lacked capacity to change beneficiaries and was subjected to undue influence by Plaintiff.

12.     Denied.  AXA Equitable is without sufficient knowledge or  information to form a belief as to the truth of the averments set forth in paragraph 12.

13.     Admitted.

14.     Denied.  AXA Equitable is without sufficient knowledge or information to form a belief as to the truth of the averment set forth in paragraph 14.

15.     Admitted in part, denied in part.  It is admitted that Plaintiff provided notice of the insured's death.  It is denied that the notice was and sufficient.  By way of further answer, AXA Equitable was obligated to make inquiries of the Nassau County medical examiner pertaining the manner of death.

16.     Denied as stated.  It is admitted only  that AXA Equitable has not tendered the death benefit to Plaintiff as a result of the Estate's claim to the benefit.

## COUNT I - DECLARATORY JUDGMENT

17.      AXA Equitable incorporates its answers to paragraphs 1 through 16 as though fully set

2

forth at length herein.

18. Admitted in part, denied in part. It is admitted that Plaintiff seeks declaratory relief. It is denied that Plaintiff is entitled to declaratory relief as set forth in AXA Equitable's Counter-claim for Interpleader, *infra*, which is incorporated herein by reference.

19. Admitted in part, denied in part. It is admitted that Plaintiff seeks declaratory relief. It is denied that Plaintiff is entitled to declaratory relief as set forth in AXA Equitable's Counter-claim for Interpleader, *infra*, which is incorporated herein by reference.

WHEREFORE, AXA Equitable respectfully requests this Honorable Court to grant its claim for Interpleader and dismiss Plaintiff's claims with prejudice.

## COUNT II - BREACH OF CONTRACT

20. AXA Equitable incorporates its answers to paragraphs 1 through 19 as though fully set forth at length herein.

21. Denied as a conclusion of law. Strict proof of the factual predicate of paragraph 21 is demanded.

22. Denied. AXA Equitable incorporates by reference its Counter-claim for Interpleader.

WHEREFORE, AXA Equitable respectfully requests this Honorable Court to grant its claim for Interpleader and dismiss Plaintiff's claims with prejudice.

## COUNT III - NEGLIGENCE

23. AXA Equitable incorporates its answers to paragraphs 1 through 22 as though fully set forth at length herein.

24. Denied as a conclusion of law. Strict proof of the factual predicate of paragraph 24 is demanded.

25.     Denied as a conclusion of law.  Strict proof of the factual predicate of paragraph 25 is

        demanded.

26.     Denied as a conclusion of law.  Strict proof of the factual predicate of paragraph 26 is

        demanded.

WHEREFORE, AXA Equitable respectfully requests this Honorable Court to grant its claim for

Interpleader and dismiss Plaintiff's claims with prejudice.

## COUNT IV - BREACH OF FIDUCIARY DUTY

27.     AXA Equitable incorporates its answers to paragraphs 1 through 26 as though fully set

        forth at length herein.

28.     Denied as a conclusion of law.  Strict proof of the factual predicate of paragraph 28 is

        demanded.

29.     Denied. Plaintiff's averments pertain to "Prudential", not AXA Equitable, and are

        therefore denied.

30.     Denied. as a conclusion of law.  Strict proof of the factual predicate of paragraph 30 is

        demanded.

WHEREFORE, AXA Equitable respectfully requests this Honorable Court to grant its claim for

interpleader and dismiss Plaintiff's claims with prejudice.

## COUNT V - BAD FAITH

31.     AXA Equitable incorporates its answers to paragraphs 1 through 30 as though fully set

        forth at length herein.

32.     Denied.   AXA Equitable's Counter-claim for Interpleader, *infra*, is incorporated herein

        by reference.

4

33.    Denied.  AXA Equitable's Counter-claim for Interpleader, *infra*, is incorporated herein by

reference.

WHEREFORE, AXA Equitable respectfully requests this Honorable Court to grant its claim for

Interpleader and dismiss Plaintiff's claims with prejudice.

## COUNT VI - UNFAIR TRADE PRACTICES

34.    AXA Equitable incorporates its answers to paragraphs 1 through 33 as though fully set

forth at length herein.

35.    Denied  as a conclusion of law.  Strict proof of the factual predicate of paragraph 35 is

demanded.

36.    Denied  as a conclusion of law.  Strict proof of the factual predicate of paragraph 36 is

demanded.

WHEREFORE, AXA Equitable respectfully requests this Honorable Court to grant its claim for

interpleader and dismiss Plaintiff's claims with prejudice.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief can be granted.


### SECOND AFFIRMATIVE DEFENSE

AXA Equitable  has complied with any and all statutory, fiduciary, and common law

duties and obligations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's negligence claim is precluded by the gist of the action doctrine and/or the

economic loss doctrine.

## FOURTH AFFIRMATIVE DEFENSE

AXA Equitable had a reasonable basis for delaying the tender of the death benefit. See Counter-claim for Interpleader, *infra,* which is incorporated herein by reference.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has no standing to bring a private action under  the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

## SIXTH AFFIRMATIVE DEFENSE

An insurer's refusal to pay benefits is not actionable under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action pertaining to any claim for attorney's fees, costs and interest.

## COUNTERCLAIM  INTERPLEADER AND THIRD PARTY COMPLAINT

1. Defendant incorporates its Answer to Plaintiff's Complaint as though fully set forth at length herein.

2. The Estate of Joseph Laterza was designated as the beneficiary of the Policy at the time of the initial application.  The Estate is hereby joined as a Third Party Defendant.

3. Upon information and belief, Karen Laterza is the surviving mother of the insured, Joseph Laterza.

4. On or about July 2, 2009, a Policy change request was signed by Joseph Laterza and submitted to AXA Equitable designating Karen Laterza as the beneficiary of the Policy.

6

## JURISDICTION

4.    Pursuant to 28 U.S.C.A. § 1335 , district courts have subject matter jurisdiction in interpleader actions if there is minimal diversity between two or more adverse claimants, and if the amount in controversy is $500 or more.

5.    Two or more adverse claimants in this action are of diverse citizenship, and the amount in controversy exceeds $500.00, as hereafter more properly appears.

6.    AXA Equitable is a corporation organized and existing under and by virtue of the laws of the State of New York, and having its principal place of business in New York.

7.    Karen Laterza is an adult individual residing at 810 Aberdeen Road, Madison Township, Pennsylvania, where she may be served with process of this Court.

8.    The Estate of Joseph Laterza is represented by Jordan W. Tucker with an address of 26 Court Street, Suite 2506, Brooklyn, New York  11242-0103, where it may be served with process of this Court.

9.    This Court has jurisdiction of this cause and venue is proper in this district pursuant to 28 U.S.C. § 1397.

10.    Federal Rule of Civil Procedure 19 states that:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction **must be joined as a party if:**

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

**(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:**

(I) as a practical matter impair or impede the person's ability to protect the

interest; or

**(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.**

[emphasis added]

## FACTS

10. Joseph Laterza was insured under universal life policy No. 153205415, issued by AXA Equitable ("the Policy").  The Policy provided an initial death benefit in the amount of eight hundred fifty thousand dollars ($850,000.00)[1].

11. Mr. Laterza died on July 10, 2011.

12. Karen Laterza submitted a claim for the Policy death benefit on July 18, 2011 and AXA Equitable properly began processing the claim.

13. By letter to AXA Equitable dated August 18, 2011, Jordan W. Tucker, an attorney representing the interests of Mary Ellen Kobrin, Mr. Laterza's ex-wife, and their children, Amanda, Andrea, and Alyssa Laterza,  advised that the July 2, 2009 change of beneficiary was fraudulent and his clients intended to "hold AXA accountable for any payout later determined to be inappropriate".

14. By letter to AXA Equitable dated  August 19, 2011, Mr. Tucker advised that Mr. Laterza was incompetent and incapable of properly changing the beneficiary designation of the Policy.

15. On August 31, 2011, AXA Equitable advised Plaintiff that the tender of the Policy benefit would be delayed due to Ms. Kobrin's claim.  Plaintiff acknowledged her awareness of

---

[1]Mr. Laterza changed the policy in 2007, by withdrawing $60,000.00 of the policy's account value.

the competing claim.

16.     By letter to Plaintiff dated September 6, 2011, AXA Equitable advised of a competing

        claim asserted by another party.

17.     On September 13, 2011, AXA Equitable received a copy of a letter from Attorney Tucker

        to John J. Mercuri, counsel for Ms. Laterza, in which Attorney Tucker asserted that Mr.

        Laterza lacked capacity to change the Policy beneficiary in July, 2009 and that Plaintiff

        had exerted undue influence to effect an improper change.  Attorney Tucker further

        advised of his intention to commence litigation.

18.     Both Karen Laterza and the Estate of Joseph Laterza have or may have claims against the

        Policy, which will or may subject AXA Equitable to multiple and possibly conflicting

        claims and to a multiplicity of suits.

19.     Unless  Karen Laterza and the Estate of Joseph Laterza are restrained or enjoined from

        prosecuting suits against AXA Equitable, either directly or indirectly, and from any effort

        to collect from AXA Equitable any judgments rendered in any such suits, AXA Equitable

        will or may be subjected to multiple or vexatious claims and  inconsistent judgments, and

        to numerous suits, the outcome of which will not be properly determinative of the manner

        in which the Policy should be apportioned among the several claimants.

20.     Upon Order of the Court granting interpleader, AXA Equitable will deposit into the

        registry of this Court the sum of $790,000.00, the amount due under the terms and

        provisions of the Policy plus simple interest at the applicable rate since July 10, 2011, to

        the date of deposit.

WHEREFORE, AXA Equitable requests judgment as follows:

9

A.     By Order and Injunction of this Court dismissing Plaintiff's Claims in their entirety and prohibiting the Estate of Joseph Laterza from instituting or prosecuting any action against Defendant in any state or United States court on account of the benefits payable under the Policy;

B.     Requiring Plaintiff Karen Laterza and Third Party Defendant Estate to answer this Counterclaim and Third Party Complaint for Interpleader and litigate their claims among themselves for the benefit at issue in this action;

C.     Requiring Ms Laterza and the Estate to settle and adjust themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the benefit should be paid

D.     Permitting AXA Equitable to deposit the total death benefit due under the Policy;

E.     Awarding Defendant reasonable and proper attorneys fees and court costs; and

F.     Awarding Defendant any and all further relief as may, in the Court's discretion, appear to be proper.

**LAW OFFICES OF DANIEL J. ZUCKER**

By:    _/s/ *Daniel J. Zucker*_____
Daniel J. Zucker, Esquire

Attorney for AXA Equitable Life Insurance Company
260 South Broad Street
Philadelphia, PA 19102
(215) 732-5858
djzlawoffices@gmail.com
ID No. 30406

September 22, 2011

## CERTIFICATE OF SERVICE

  I, Daniel J. Zucker, Esquire, attorney for AXA Equitable Life Insurance Company hereby certify that on September 22, 2011, I filed AXA Equitable's Answer to Plaintiff's Complaint, Counterclaim and Joinder of Third Party on the Court's ECF system, where it is available for viewing and downloading.

        _/s/ *Daniel J. Zucker*_____
        DANIEL J. ZUCKER, ESQUIRE